CAROLINE TURCO, OSB 083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland
and Bryce Askelson*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **TED TIMMONS,** | 3:22-cv-01235-SB |
| **PLAINTIFF,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE** |
| **CITY OF PORTLAND, and BRYCE ASKELSON,** | |
| **DEFENDANTS.** | |

## CERTIFICATE PURSUANT TO LOCAL RULE 7-1

Counsel for defendants City of Portland and Bryce Askelson certifies that counsel for defendants and counsel for Plaintiff have made good faith effort to resolve the issues in dispute and have been unable to do so.  Specifically, counsel had a phone conversation on November 7, 2022.

## MOTIONS

Defendants City of Portland and Bryce Askelson (collectively "the City") hereby move the Court for the following Orders pursuant to Fed. R. Civ. P. 12:

///

Page  1 –   DEFENDANT CITY OF PORTLAND'S MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

(1) Pursuant to Fed. R. Civ. P. 12(e), that Plaintiff be ordered to make paragraphs 44-58 and 56-61 of his Complaint more definite and certain so that the City can form a response. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

(2) Pursuant to Fed. R. Civ. P. 12(f), striking certain paragraphs of the Complaint that are immaterial. The paragraphs, as outlined below, have no causal connection to the alleged constitutional violation at issue. The allegations should also be stricken because they are a distraction and risk unnecessary and unfair prejudice. *Fantasy, Inc. V. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534-35 (1994).

Defendants' motions are based on the memorandum of law set forth below and Plaintiff's Complaint.

## **MEMORANDUM OF LAW**

### I. INTRODUCTION

This case arises out of a protest in Portland, Oregon on August 22, 2020. The Complaint alleges federal and state claims based on what happened that evening, as well as a claim for municipal liability based on a broader set of historical facts. The historical factual allegations are, in fact, so broad that many are irrelevant and frivolous, and the City requests that they be stricken. At the same time, the verbiage in the claim for municipal liability is so broad that the City cannot determine what precise claim is being made, and the City requests that the claim be made more definite and certain. Finally, the claim for a First Amendment violation fails to state what Plaintiff's speech activity was at the time of the incident, and the City requests that this claim be made more definite and certain as well.

///

///

//

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(e)

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (stating that pursuant to Fed. R. Civ. P. 12(e), the district court has discretion to require such detail as may be appropriate and that confusing complaints impose unfair burdens on litigants and judges). Motions under Rule 12(e) "must be considered in light of the liberal pleading standards of Rule 8(a)[,]" which requires that a complaint "need only be a short and plain statement of the claim showing that the pleader is entitled to relief." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (internal quotations and citations omitted). "Relief under Rule 12(e) is warranted where 'the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and literally cannot frame a responsive pleading.'" *Hubbs v. Cty. of San Bernardino*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (internal quotations and citations omitted)).

### A. Fed. R. Civ. P. 12(f)

Pursuant to a motion, the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010), quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Immaterial matters consist of allegations that have no important relationship to the claim for relief or the defenses being pled. *Whittlestone*, 618 F.3d at 974, *citing Fogerty*, 984 F.2d at 1527. Impertinent matters consist of statements that do not pertain, and are not necessary, to the issues

in question. *Id*. Impertinent or immaterial pleadings "are legally insufficient because they clearly lack merit 'under any set of facts [a party] might allege.'" *Unigestion Holdings, S.A. v. UPM Tech., Inc.*, 305 F.Supp. 3d 1134, 1140 (D. Or. 2018) (quoting *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 489 (S.D. Cal. 2013)). "Scandalous matters are allegations that unnecessarily reflect…on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court[.]" *Estate of Osborn-Vincent v. Ameriprise Financial, Inc.*, 2019 WL 764029, at *2 (quoting 2 MOORE'S FEDERAL PRACTICE § 12.37[3] (Bender 3d. ed.)).

Allegations are properly struck when they "have no possible relation or logical connection to the subject matter of the controversy" and may cause prejudice to one or more of the parties. *Federal Practice and Procedure* § 1380. Offers of evidence in a complaint are also properly struck as they are improper and inconsistent with Rule 8's requirement of "a short and simple statement of plaintiff's claim." *Nat'l Sav. & Loan Ass'n v. St. Paul Fire & Marine Ins. Co.*, 84 F.R.D. 425, 428 (E.D. Wis. 1979); *Cool v. Int'l Shoe Co.*, 142 F.2d 318, 320 (8th Cir. 1944). A motion to strike is also proper if it makes the trial less complicated, or the allegations being challenged are so unrelated to a plaintiff's claim as to be unworthy of any consideration and that their presence will be prejudicial to the moving party. *City of Portland v. Iheanacho*, No. 3:17-CV-0401-AC, 2018 WL 1426564, at *3 (D. Or. March 22, 2018).

### III. ARGUMENT

#### A. Motion to make more definite and certain

Defendant moves to make more definite and certain two aspects of Plaintiff's Complaint: (1) the description of Plaintiff's speech activity in paragraphs 44-58; and (2) the description of the *Monell* claim in paragraphs 56-61.

As to the first issue, paragraphs 44-58 state very little, if anything, about Plaintiff's speech activity giving rise to the First Amendment Claim. The paragraphs state that Plaintiff

"stood in the west driveway," that Plaintiff "began to move westward as directed by PPB officers," and then lastly, that Plaintiff "continued to do his best to be passively resistant to the battery." These paragraphs contain no details about Plaintiff's speech activity. Further, the paragraphs are internally inconsistent because they describe Plaintiff as both moving westward and passively resisting. It is not clear what Plaintiff was saying or doing to give rise to his First Amendment claim. The City therefore requests that the Court order Plaintiff to make this aspect of the Complaint more definite and certain.

As to the second issue, paragraphs 56-61 assert a *Monell* claim for Fourth Amendment violations. The claim is entitled "Unlawful Pattern and Practice." The verbiage in paragraph 58 is very broad. The wording appears to reserve all possible options for what this claim might look like as the case moves forward: "inadequate training, supervision, ***and/or*** discipline." (Emphasis added). These are three very different claims, and the City should not be required to answer regarding a general *carte blanche* approach to a *Monell* claim. If Plaintiff wishes to pursue all three theories, they should be separately stated with specificity. Further, paragraph 58 closes by saying that the City "has effectively condoned this practice by repeatedly failing to correct" violations; this would seem to be an additional *Monell* claim for ratification, though the term ratification appears nowhere in the Complaint. Again, it is difficult to ascertain what claim Plaintiff is asserting. Plaintiff should state a claim, and he should state it specifically. Plaintiff can later amend if necessary and discovery can broaden based on an amendment, but discovery should not have to begin so unbridled because Plaintiff has failed to be specific in his pleading.

    B. <u>Motion to Strike</u>

The paragraphs discussed below, or portions thereof, should be stricken (paragraphs 10, 12, 15, 17-19, 22, 23, 25, 27, 31, 32, 34-43). These paragraphs are immaterial to Plaintiff's case, and some present evidence that is inappropriate in a complaint. Others contain information that is prejudicial and irrelevant.

Page 5 – DEFENDANT CITY OF PORTLAND'S MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

### 1. Paragraphs regarding subsequent conduct

Paragraphs 12, 15, 18, 19, and 27 involve events that occurred after Plaintiff's incident. As such they are immaterial to his claims. Plaintiff may try to argue that these are relevant to a *Monell* claim, but as discussed above, it is difficult to ascertain what Plaintiff's *Monell* claim is. Further, it is a stretch to argue that what Mayor Wheeler said on June 23, 2021—nearly a year after Plaintiff's incident—has relevance to Plaintiff's case (paragraph 12). The allegations in paragraphs 18, 19, 27, and 32 also contain information about what happened "[n]early a year after protests began" and have no relevance to Plaintiff's incident, even if a *Monell* claim is involved. Finally, paragraph 15 alleges details of a protest at Delta Park and at Peninsula Park in the month following Plaintiff's incident, and these events have no relation to this case.

### 2. Paragraphs regarding tear gas and munitions

Paragraphs 10, 17, and 22 list facts related to other police agencies, tear gas, and munitions. As such they are immaterial to Plaintiff's claims. This case involves an alleged push, baton jab, and pepper spray, therefore facts related to munitions and tear gas, particularly by other law enforcement agencies, have no relevance to this case. Paragraph 10 is not just irrelevant but prejudicial, listing allegations that are not even related to Portland: "Videos shared in the press and on social media show the police ***in this country*** out of control." (Emphasis added). The paragraph goes on to discuss tear gas used in unspecified locations by unspecified police departments. Allegations related to other locations and other police departments have no relevance in this case and would never be admissible at trial. Paragraph 17 lists a quote by former PPB Chief Jami Resch regarding the decision to use tear gas on June 3, 2020. This again would not be admissible in this case, as tear gas, as a crowd control measure, was not used in this case. Finally, paragraph 22 alleges that PPB did not "track an inventory of munitions." It is difficult to see how this has anything to do with this case.

///

### 3. *Paragraphs regarding ratification*

Paragraphs 23, 25, 31, and 32 contain information which seem intended for a *Monell* claim under a ratification theory, but it is not clear that Plaintiff is making a ratification claim. As such they are immaterial to Plaintiff's claims. Paragraphs 23 and 25 discuss how "supervisors" assessed uses of force and whether they had crowd management training. Likewise, paragraph 31 discusses an audit, and paragraph 32 states that "Defendant has failed to acknowledge 'the importance of PPB members complying with constitutional standards.'" These four paragraphs relate to how PPB as an organization allegedly self-assessed the protests of 2020, but this type of information is not relevant in the present case, which involves a push, baton jab, and pepper spray.

### 4. *Paragraphs regarding training*

Paragraphs 37-39 contain three pictures of "training slides" that are undated and particularly prejudicial. It is not clear that anyone involved in Plaintiff's case ever saw these slides. It is not clear that Plaintiff is making a failure to train claim under *Monell* (see above), but it is well settled that a claim for unlawful training requires more than contemporaneous conduct. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989)*; see also Connick v. Thompson*, 563 U.S. 51, 63 (2011) ("[C]ontemporaneous or subsequent conduct cannot establish a pattern of [constitutional] violations that would provide 'notice to the [municipality] and the opportunity to conform to constitutional dictates.'").

### 5. *Paragraphs regarding other lawsuits*

Paragraphs 34-36 and 40-43 contain allegations related to four other lawsuits, which appear to have been included as a boilerplate matter as they are not relevant to the alleged facts of Plaintiff's case:

- *Don't Shoot Portland, et al v. City of Portland*, Or. Dist. Case No. 3:20-cv-00917-HZ (paragraphs 35-36),

Page 7 –   DEFENDANT CITY OF PORTLAND'S MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

- *Index Newspapers LLC, et all v US Marshals Serv., US DHS, and City of Portland*, Or. Dist. Court Case No. 3:20-cv-01035-SI (paragraph 40),
- *ACLU & Protestor #1 v. City of Portland,* Mult. Co. Cir. Case No. 20CV27116 (paragraph 41); and
- *United States v. City of Portland*, Or. Dist. Case. No., 3:12-cv-02265-SI (paragraph 42).

While these lawsuits do involve the City, they are not factually similar to Plaintiff's case. Plaintiff's itemization of these other lawsuits is prejudicial and distracting to the actual issues in this case. As for *Don't Shoot*, Plaintiff alleges that "[t]he Court *later* found PPB's conduct on June 30, 2020, violated the Court's order." (Emphasis added). A finding in *Don't Shoot*, after the incident date of the present case, is not relevant to Plaintiff's claims. Furthermore, the *Don't Shoot* finding largely involved tear gas and less lethal munitions, which are not factors in the present case. Likewise, *Index Newspapers* involved force used against members of the press, a factor not present in Plaintiff's case. Similarly, *ACLU & Protestor #1* involved the practice of "livestreaming," and Plaintiff's case does not involve this issue at all. The Complaint in this case also states the injunction in *ACLU & Protestor #1* was entered in September 2020, which would have been after Plaintiff's incident. Finally, the settlement with USDOJ, as stated in Plaintiff's Complaint, related to "excessive force against people with mental illness." The present case does not involve individuals with mental illness. None of the listed lawsuits is relevant to Plaintiff's case and allegations regarding these four lawsuits should be stricken.

///
///
///
///
///

Page 8 – DEFENDANT CITY OF PORTLAND'S MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant Defendants' motion to make more definite and certain, as well as Defendants' motion to strike.

Dated: November 16, 2022.

                                        Respectfully submitted,

                                        */s/ Caroline Turco*
                                        CAROLINE TURCO
                                        OSB # 083813
                                        Senior Deputy City Attorney
                                        Telephone: (503) 823-4047
                                        *Of Attorneys for Defendants City of Portland and Bryce Askelson*