**Juan C. Chavez**, OSB #136428
**Franz Bruggemeier**, OSB #163533
**Jonathan Gersten**, OSB #174131
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

    Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| TED TIMMONS,<br><br>             Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND, and BRYCE ASKELSON,<br><br>             Defendants. | Case No. 3:22-cv-1235-SB<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE |

## INTRODUCTION

Defendants City of Portland and Bryce Askelson (hereinafter, "Defendants") motion this Court to order Plaintiff to both say more and say less in his Complaint. Defendants first ask this Court to order Plaintiff "to make paragraphs 44-58 and 56-61 of his Complaint more definite and certain so that the City can form a response." Then, Defendants ask the Court to strike "paragraphs 10, 12, 15, 17-19, 22, 23, 25, 27, 31, 32, 34-43." (Dkt. 10 at p. 5). Striking these paragraphs would not make paragraphs 44-58 and 56-61 more definite. To the contrary, they make those claims dismissable. Per federal pleading standards, as announced by *Iqbal*/*Twombly*,

Plaintiff needed to plead these facts to plead their *Monell* claims. Without them, Plaintiff would likely be facing a different Fed. R. Civ. P. 12 motion.

As argued below, the Defendants have failed to meet their burden under Fed. R. Civ. P. 12. Defendants claim that they cannot form a basis to mount a defense to these allegations, but their motion belies this claim. Defendants understand that Plaintiff's case arises out of police actions at a protest on August 22, 2020. Defendants also must understand that that protest was one of many protests against police violence, racism, and white supremacy that took place for months during the summer of 2020. *See Compl. passim*. Plaintiff alleges that, as he witnessed the day of his injury, has seen the different treatment police accountability protesters receive. There is a pattern, practice, and history here that gives rise to his *Monell* claims. These are essential paragraphs whose meanings are obvious, if inconvenient, to the Defendants. Defendant cannot get the relief they seek just because they face embarrassment because of their conduct.

Defendants' motion must be **DENIED**.

## SUMMARY OF ALLEGATIONS AND CLAIMS

The Complaint's introductory paragraph provides the following framing for the allegations and claims in the Complaint. On the evening of August 22, 2020, Plaintiff was "protesting the killing of Black people by United States police departments, including the Portland Police Bureau (PPB)." Complaint at p. 1. Earlier in the day, he had witnessed PPB doing nothing when right-wing extremists had attacked people with weapons at a protest event. *Id.* At the protest in the evening, Plaintiff was hit repeatedly by Defendant Askelson, a PPB officer. *Id.* That harm to Plaintiff by Defendant Askelson is a result of Defendant City's improper training, a culture of impunity, and a fostered hostility against police accountability protesters. *Id.*

The Complaint then discusses the causes and issues around the protests of the Summer of 2020. *Id.* at ¶ 6-12. It alleges examples that support Plaintiff's *Monell* claims against the City, describing PPB's different uses of force on protesters based on the content and viewpoints of the demonstrators both before and the month after Plaintiff was harmed, *Id.* at ¶¶ 13-15, and also details of a pattern of excessive force against protesters of police violence in the Summer of 2020, *Id.* at ¶¶ 16-44. Part of that description are findings, orders, and violations of court orders and laws from other court cases related to excessive force pattern and practice, excessive force against protesters, and unlawful activities related to protester's First Amendment rights. *Id* at ¶¶ 34-43.

In paragraphs 44-54, Plaintiff describes what happened to him on August 22, 2020. He was at the protest with dozens of others. *Id.* at ¶ 44. He feared the unlawful and unjustified uses of force he had previously seen PPB use on protesters, so he brought a shield to protect himself against those sudden and unjustified uses of force against people who were merely there and, at most, passively resisting PPB orders to disperse. *Id.* at ¶ 45. He moved away from the officers when they bull-rushed the crowd, heading in the direction demanded by the PPB loudspeaker. *Id.* at ¶ 46. At that time, Defendant Askelson suddenly attacked Plaintiff, hitting Plaintiff with his baton. *Id.* at ¶ 47 and photo. Plaintiff remained passive during Defendant's attack on him and did not resist or attempt to fight back; nevertheless, Defendant hit him multiple times in the mouth with his baton. *Id.* at First ¶ 48-49.[1] Another officer then pepper sprayed Plaintiff. *Id.* at ¶ 50. No officer had justification to use that force against Plaintiff, and no officer attempted to arrest Plaintiff. *Id.* at First ¶ 51. Defendant Askelson was never charged with a crime for assaulting

---

[1] Plaintiff's Complaint has sequential paragraph numbering up until the start of Claim 2 when the numbering does not next go to 59 but, instead, starts again at 48 and continues sequentially after that, although paragraphs 70 and 71 do not exist. Plaintiff in this response will refer to the first paragraphs 48-58 as First [paragraph number] and the second set by just the paragraph number.

Page 3 - PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

Plaintiff, and Plaintiff believes Defendant City never disciplined Defendant Askelson for the attack. *Id.* at First ¶ 52-53.

As relevant to Defendants' Motion, Plaintiff brings one claim of First Amendment Retaliation, *Id.* at First ¶ 55-58, one claim of First Amendment violation under a *Monell* theory of Municipal Liability, *Id.* at ¶ 48-50, a Fourth Amendment unlawful seizure/excessive force claim, *Id.* at ¶ 51-55, and a Fourth Amendment violation under *Monell*, *Id.* at ¶ 56-61. The Fourth Amendment *Monell* claim alleges municipal liability under several means of proving that liability: inadequate training, inadequate supervision, inadequate discipline, and ratification. *Id.*

## DISCUSSION

**A. Plaintiff's Complaint is Neither Vague Nor Ambiguous Enough that Defendants Cannot Reasonably Prepare a Response**

> "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is *so* vague or ambiguous that the party cannot *reasonably* prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

Fed. R. Civ. P. 12 (Emphasis added).

Defendants ask this Court to order Plaintiff to make a more definite statement of his "speech activity." Plaintiff's Complaint is clear that he was a protester against police violence who was at a protest with others. Those are his speech activities, and they are sufficient to form the basis of his First Amendment Claims. Further, Plaintiff makes clear that his activities did not provide lawful justification for the force used against him by Defendant Askelson, and therefore

Page 4 - PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

the violence inflicted on him by Defendant was evidence of an attempt to retaliate against him for protesting against police violence.

While listing four means of proving Plaintiff's Fourth Amendment *Monell* Claim that Plaintiff alleges, Defendants also ask this Court to tell Plaintiff to make more definite their four way of proving a *Monell* violation. The City appears to understand all four routes towards liability—inadequate training, inadequate supervision, inadequate discipline, and ratification—as intended by Plaintiff to prove his *Monell* claims. Each means of proving *Monell* is not a *claim*. The claim is a Fourth Amendment violation, by through a violative pattern and practice.

Moreover, the paragraphs in the allegations support all four routes of proving a *Monell* Fourth Amendment claim, including several that Defendants seek to strike. Indeed, had Plaintiff not included these paragraphs, he would be undermining his *Monell* claims.

Although Defendants seem to not agree that all four means of proving *Monell* exist and support Plaintiff's claim, that does not mean the claim is not supported by the allegations and is a proper claim. Tellingly, Defendants do not move to dismiss the claim because it is inadequate to state a plausible claim for relief, and their motion demonstrates that they have adequate notice fail to give the requisite notice. Instead, it is apparent that Defendants do not want to engage in discovery on the many failures of the City that led to Plaintiff's harm. Unfortunately, if Defendants wanted to avoid discovery on these issues, they should have not engaged in this conduct in the first place. Now they must answer for it.

**B. Defendants Suffer No Prejudice from Plaintiff's Complaint**

Defendants misrepresent the importance of "prejudice" in the context of a motion to strike. From their motion, it appears that Defendants conflate "prejudice" with "redundant, immaterial, impertinent, or scandalous."

Rule 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike should be allowed only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). "Rule 12(f) motions are generally 'disfavored' because they are 'often used as delaying tactics, and because of the limited importance of pleadings in federal practice.'" *Goudie v. Cable Communications Incorporated*, 2008 WL 11512340, *2 (D. Or. 2008), *citing Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (internal citations omitted). In deciding a Rule 12(f) motion, "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Menchu v. Multnomah Cnty. Health Dep't*, No. 3:20-cv-00559-AC, 2021 WL 2450780, at *3 (D. Or. May 3, 2021).

**1. The cited portions of Plaintiff's complaint are not subject to a Rule 12(f) motion to strike because they provide background and support for Plaintiff's claims for relief.**

Defendants moves this Court to strike "paragraphs 10, 12, 15, 17-19, 22, 23, 25, 27, 31, 32, 34-43." (Dkt. 10 at p. 5). The paragraphs that Defendants cite have an important bearing on Plaintiff's claims, providing history and context for Plaintiff's allegations and illustrating Defendants' motivations, past conduct, and conduct that continued to remain the same after they violated Plaintiff's constitutional rights. These paragraphs should not be struck.

Defendants ignore that most of these paragraphs they seek to get stricken explicitly provide the bases of Plaintiff's *Monell* theories that Defendants harbor a bias against protesters seeking police accountability. As Plaintiff alleges, "Defendant Askelson's conduct is illustrative

of a pattern and practice of PPB officers violating the First Amendment rights of individuals at protest demonstrations against police misconduct… Defendant City of Portland does not use such tactics against right-wing protestors or fascist protestors, such as the Proud Boys or Patriot Prayer, despite their disobedience of officers' orders and clear intent to terrorize the community of Portlanders." *Compl.*, ¶ 49.

The paragraphs Defendants seek to be stricken provide background information that demonstrates Defendant City of Portland's history of giving preferential treatment to rightwing groups, including the Proud Boys, and history of focusing its punitive tactics and use of force on left-wing protesters. Those paragraphs, while inconvenient for the Defendants, provide context nonetheless. *See Menchu*, 2021 WL 2450780, at *6; *see also Erhart v. BofI Holding, Inc.*, 269 F. Supp. 3d 1059, 1085 (S.D. Cal. 2017) ("[A]llegations that provide background information, historical material, 'or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant.'")

They are not immaterial to Plaintiff's suit. Nor are they impertinent. "A matter is immaterial if it has no essential or important relationship to the claim for relief or the defenses being pleaded." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). As explained, these form a basis to allege bias and a pattern of excessive force.

Likewise, the cited paragraphs are not "scandalous." They are accurate and relevant. Defendants attempt to characterize many of these paragraphs as beyond the pale without contesting their accuracy. Instead, Defendant City quotes paragraphs about right-wing protesters' "flagrant display of weapons," failure to follow police restrictions, and carrying of long guns,

asking with each example, "But is that a crime?" (Dkt. 17 at p. 12). Defendant City also cites alleged "obvious omissions" as evidence of these paragraphs' salaciousness. Their sole cited example is paragraph 29, where Defendant City notes Plaintiff "fails to allege that arrests were not made as a result of those street fights." (Dkt. 17 at 13). The article Plaintiff cites to support the paragraph about right-wing street brawl states that police made no arrests. (Compl., ¶ 29, fn 17).[2] That these facts are inconvenient for Defendants does not make them scandalous.

Defendants refer to the footnotes in Plaintiff's complaint as redundant. These footnotes cite the sources for Plaintiff's assertions in the accompanying paragraphs, providing additional information and context for those paragraphs. Neither are the statements in these paragraphs unduly prejudicial to Defendants, because they accurately reflect Defendants' actions and attitudes toward protesters of different political opinions. Defendants' "conclusory and speculative arguments that prejudice could result" from paragraphs are insufficient to merit striking portions of a complaint. *See Toucheque v. Price Bros Co.*, 5 F.Supp.2d 341, 350 (D. Maryland 1998). Where, as in Plaintiff's First Amendment claims, Defendants' animus toward Plaintiff and people at left-wing protests must be compared to Defendants' actions toward those of opposite views, statements illustrating differential treatment are necessary to support the claim and are not prejudicial.

## CONCLUSION

As Plaintiff cited above, motions such as these are disfavored for a reason: they prolong proceedings and often serve as a tactic to demand cosmetic changes to a document that ultimately few juries ever see. Defendants are aware of this because they have sought and were

---

[2] Footnote 17 cites: Shane Dixon Kavanaugh, *Bear spray, bloody brawls at Patriot Prayer 'law and order' march in Portland*, The Oregonian (January 29, 2019), available at https://www.oregonlive.com/portland/2018/10/patriot_prayer_flash_march_cal.html

Page 8 - PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

denied such relief regarding Complaints similar to these: *Cantu, et. al. v. City of Portland, et. al.*, 2020 WL 2952972 (D. Or. 2020) and *Ahern v. Kammerer, et. al.*, USDC Case No. 3:21-cv-00561-YY, Dkt. 31 (D. Or. 2022). In *Cantu*, the Court denied relief on a Motion to Make More Definite; and in *Ahern*, the Court predominately denied the City's relief and directed the Plaintiff to merely shorten a section of her Complaint—paragraphs that are not present in the Plaintiff Timmons Complaint.

In short, Defendants have not met their burden, and their Motion must be **DENIED**.

**DATED**: December 7, 2022.

Respectfully submitted,

*/s/ Juan C. Chavez*
Juan C. Chavez, OSB #136428
PO Box 5248
Portland, OR 97208