CAROLINE TURCO, OSB 083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland
and Bryce Askelson*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TED TIMMONS,** | 3:22-cv-01235-SB |
| **PLAINTIFF,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S REPLY IN SUPPORT OF ITS MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE** |
| **CITY OF PORTLAND, and BRYCE ASKELSON,** | |
| **DEFENDANTS.** | |

Defendant City of Portland and Bryce Askelson ("City Defendants") reply briefly in support of their Motion to Make More Definite and Certain and Motion to Strike (ECF No. 10, "Motion") as follows:

**I.    Motion to Make More Definite and Certain**

   A.    First Amendment

In response to the City Defendants' Motion, Plaintiff argues that the introductory paragraph of the Complaint states that he was "protesting" and that this is sufficient for his claims. This is a mention—the only mention—of any speech activity by Plaintiff in the Complaint. But it is not clear this "protesting" was happening at the Penumbra Kelly Building

Page  1  –    DEFENDANT CITY OF PORTLAND'S REPLY IN SUPPORT OF ITS MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

where Plaintiff claims he was injured.  Indeed, the introductory paragraph, and paragraph 14 of the Complaint, talk about protest activities in downtown Portland during the day on August 22, 2020.  The incident when Plaintiff was injured was later that night outside the Penumbra Kelly Building, which is not in downtown Portland.  The introductory paragraph even states that when Plaintiff was injured he "was engaging in nothing beyond passive resistance."  So, while the introductory paragraph does state Plaintiff was "protesting" on August 22, 2020, it appears this was in downtown Portland, earlier in the day, and not activity that evening when he was injured.

While Plaintiff's Complaint develops many irrelevant facts about activity generally in downtown Portland during the day, there are scant few facts about Plaintiff's activity on the evening of August 22, 2020 outside the Penumbra Kelly Building.  And, what the Complaint does say Plaintiff was doing prior to the injury was not speech:  "brought a small plywood shield," "stood in the west driveway," and "began to move westward."  These are the supposed activities that the officer presumably would have witnessed and therefore retaliated against.  These activities however are not protected by the First Amendment.  As such, Plaintiff should make his Complaint more definite and certain.

B. *Monell*

Plaintiff argues that "all four routes toward liability" are "intended" by Plaintiff.  Training, supervision, discipline, and ratification are four very different theories.  To be clear, the Complaint only mentions the first three theories of liability, but now, upon seeing the City Defendants' Motion, it appears Plaintiff does indeed want to pursue the ratification theory as well.

There are no details in the Complaint regarding Officer Askelson's discipline prior to this incident, nor is there any mention of who the final policymaker is, as required to state a ratification claim.  A *Monell* claim for ratification only allows a municipality to be held liable when a "final policymaker 'ratified' a subordinate's actions." *Christie v. Iopa*, 176 F.3d 1231,

Page  2 –   DEFENDANT CITY OF PORTLAND'S REPLY IN SUPPORT OF ITS MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

1238 (9th Cir 1999), citing *City of St. Louis v. Praprotnik*, 48 U.S. 112, 127 (1988). To succeed on a claim for ratification, a plaintiff must prove that a "policymaker approve[d] a subordinate's decision *and the basis for it*." *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (Emphasis in original).

Looking to training and supervision, there is no discussion of Officer Askelson's training in the Complaint or any mention of who his supervisor was. There are generalized discussions of training in paragraphs 37-39, which are strangely specific—three very specific *pictures*, yet these are included in the Complaint without any stated connection to the present case. It is not clear when these three pictures were part of a training or whether Officer Askelson was present for any training in which they were used. As discussed in the City's Motion, the allegations in the Complaint are at most "contemporaneous conduct" which cannot support a claim for unlawful training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989).

Finally, as discussed below, these *Monell* allegations appear to be boilerplate reproductions from other cases. (Supplemental Declaration of Caroline Turco ("Supp. Turco Decl."), ¶ 2-6; Exs. 1-5). "Since *Iqbal*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability." *Wilson ex rel. Bevard v. City of W. Sacramento*, 2014 WL 1616450, at *2 (E.D. Cal. Apr. 22, 2014). "In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts of habits.'" *Cook v. Cty. of Contra Costa*, 2016 WL 913395, at *4 (N.D. Cal. Mar. 10, 2016) (citing *Bedford v. City of Hayword*, 2012 WL 4901434, at *12 (N.D. Cal Oct 15, 2012). In the present case, there is no connection between the reproduced, conclusory allegations and Officer Askelson or Plaintiff injury. As such these conclusory, boilerplate allegations fail under *Iqbal*.

///

Page  3  –    DEFENDANT CITY OF PORTLAND'S REPLY IN SUPPORT OF ITS MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

## II. Motion to Strike

Plaintiff argues that the paragraphs at issue are necessary "background" for his *Monell* claim. The *Monell* claims are so vaguely articulated that it is not clear this is true. Plaintiff in particular, as argued in his Response, stands by the paragraphs regarding "rightwing groups" (Response, p. 7), but as discussed in City Defendants' Motion, there were no rightwing groups alleged to have been present when Plaintiff was injured. These "rightwing groups" paragraphs are pulled verbatim from other cases, as are most of the other irrelevant paragraphs. (Supp. Turco Decl., ¶¶ 2-6; Exs. 1-5). They have no connection to the present case.

The paragraphs related to "rightwing groups" are just some of the examples. The other paragraphs listed in Defendants' Motion also have no connection to the present case. As such, the Court should grant the City Defendants' Motion and strike the paragraphs listed.

## III. Conclusion

For the reasons discussed above and in City Defendants' Motion, the Court should order (1) that portions of Plaintiff's Complaint be stricken, and (2) that portions be made more definite and certain.

Dated: December 21, 2022.

Respectfully submitted,

*/s/ Caroline Turco*
CAROLINE TURCO
OSB # 083813
Senior Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendants City of Portland and Bryce Askelson*

Page 4 –   DEFENDANT CITY OF PORTLAND'S REPLY IN SUPPORT OF ITS MOTION TO MAKE MORE DEFINITE AND CERTAIN AND MOTION TO STRIKE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047